595 So.2d 340 (1992)
L.S. ALLEN, Plaintiff-Appellee-Appellant,
v.
CITY OF SHREVEPORT, Defendant-Appellant-Appellee.
No. 23309-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1992.
Writ Granted May 22, 1992.
*341 Jerald N. Jones, City Atty., Lydia M. Rhodes, Asst. City Atty., Shreveport, for City of Shreveport.
Weems, Wright, Schimpf, Hayter & Carmouche by Joseph R. Gilsoul, Shreveport, for L.S. Allen.
SEXTON, Judge.
In this worker's compensation case, both the plaintiff, L.S. Allen, and the defendant, City of Shreveport, appeal the trial court judgment which awarded plaintiff supplemental earnings benefits (SEBs) for a period of 104 weeks, plus penalties and attorney fees. On appeal, the city argues that the trial court was in error in awarding any worker's compensation benefits, penalties, or attorney fees. Plaintiff's appeal argues that SEBs were erroneously limited to 104 weeks and that an insufficient amount of attorney fees was awarded. Finding merit to defendant's argument, we reverse the trial court judgment and render judgment in favor of the city.
On October 1, 1986, the plaintiff suffered a hernia while assisting two co-workers in lifting a cabinet at his place of employment, the Municipal Auditorium in Shreveport. On the date of the accident, the plaintiff was 51 years old and had been employed by the city for 20 years. As chief supervisor of public buildings for the city, plaintiff's primary duty was to receive work orders from other city departments and to dispatch men to fill those work orders. Nevertheless, the plaintiff would, on occasion, help his co-workers in such physical activity as resulted in his hernia.
Plaintiff eventually underwent two operations to repair the hernia. The plaintiff testified that he still suffers pain and can do no physical labor, apparently as the result of surgical scarring entrapping the ilioinguinal nerve, a condition known as entrapment syndrome. The city paid plaintiff worker's compensation benefits in the form of temporary total disability benefits through February 1989. On March 15, 1989, Dr. Phillip Osborne, plaintiff's primary treating physician, released plaintiff to return to a sedentary-type job. Although Dr. Osborne's release cleared plaintiff to return to his former position as chief supervisor of public buildings with certain physical restrictions on lifting and bending, the city had, in the interim, abolished that position. Since August 1989, the plaintiff had been working as a parking lot attendant at the airport earning $3.80 an hour, significantly less than the $12.62 an hour he had been earning prior to his injury.
On May 30, 1989, plaintiff filed a claim for compensation with the Office of Worker's Compensation; that office recommended that the city pay plaintiff SEBs. The city rejected that recommendation, and the plaintiff filed the instant lawsuit. Following trial, the trial court issued a written opinion. The trial court found that plaintiff was able to return to his former position with physical restrictions on bending, lifting, climbing, and stooping. The trial court further found that the plaintiff's position as chief supervisor could be performed by plaintiff without the prohibited manual labor. Nevertheless, the trial court held that it was the city's burden to show that employment paying 90 percent or more of plaintiff's previous salary was offered or available to plaintiff. The trial court found that the city had failed in this burden of proof. The trial court further found that plaintiff had retired within the meaning of LSA-R.S. 23:1221(3)(d)(iii), and plaintiff was thus only entitled to 104 weeks, rather than 520 weeks, of SEBs. Finally, the trial court found the city to have been arbitrary and capricious in failing to pay worker's compensation benefits, thereby making the city liable for penalties and attorney fees.
The purpose of SEBs is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident. Meyers v. Stone Container, Inc., 556 So.2d 202 (La.App.2d Cir.1990), writ denied, 560 So.2d 30 (La.1990); Killen v. Continental Insurance Company, 514 So.2d 711 (La.App. 2d Cir.1987). Provisions of the worker's compensation law should be liberally construed in favor of the claimant. Lester v. Southern Casualty Insurance Company, 466 So.2d 25 (La. *342 1985); Hill v. L.J. Earnest, Inc., 568 So.2d 146 (La.App.2d Cir.1990), writ denied, 571 So.2d 652 (La.1990). Nevertheless, the claimant still bears the burden of proving entitlement to the benefits claimed by a preponderance of the evidence. Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320 (La.1985); Killen v. Continental Insurance Company, supra.
In order to be entitled to SEBs, the claimant bears the burden of proving by a preponderance of the evidence that a work-related injury has disabled him such that he is unable to earn 90 percent or more of the wages he received at the time of injury. The employer may then preclude SEBs by proving that the employee is physically able to perform work that was offered to the employee or was available to the employee in the employee's or employer's community or reasonable geographic region. Daigle v. Sherwin-Williams Company, 545 So.2d 1005 (La.1989); Prudhomme v. DeSoto Professional Home Health Services, 579 So.2d 1167 (La.App.2d Cir.1991).
In the instant case the trial court found that plaintiff was able to return to his former position as chief supervisor of public buildings. The trial court therefore made a factual determination that plaintiff failed to prove any continuing disability which would render him unable to earn 90 percent or more of his pre-accident wages. The question of disability for worker's compensation purposes is a question of fact which should not be disturbed on appeal in the absence of manifest error. Manson v. City of Shreveport, 577 So.2d 1167 (La. App.2d Cir.1991), writ denied, 580 So.2d 928 (La.1991); Barry v. Western Electric Company, Inc., 485 So.2d 83 (La.App.2d Cir. 1986), writ denied, 487 So.2d 441 (La.1986).
We find ample support for the trial court's conclusion that plaintiff had failed to prove his disability. The position of chief supervisor of public buildings primarily involved the filling of work invoices, receiving job requests, and assigning jobs to employees, plus responsibility for maintaining inventory in the tool room. The trial court found these responsibilities were predominantly of a sedentary nature. Assisting co-workers in manual labor such as resulted in plaintiff's injury was clearly ancillary to his primary, sedentary responsibilities. The evidence shows that this ancillary physical labor was performed by plaintiff merely as assistance to his co-workers. The evidence shows that the duties of chief supervisor of public buildings could clearly be performed without engaging in such physical activity. We thus find no manifest error in the trial court's determination that plaintiff could have returned to his former employment.
The trial court erred, however, in considering plaintiff's current employment as resulting in plaintiff's failure to earn 90 percent or more of his pre-accident wages and thereby awarding SEBs. Once the trial court factually determined that plaintiff could return to his former employment, then he was no longer disabled within the meaning of the worker's compensation laws and no further inquiry was necessary or appropriate. Thus, after such a finding, there was no basis for awarding SEBs. The fact that plaintiff's former position was no longer available and that he could thereafter find only a lower paying job is irrelevant, as that circumstance was not the result of his work-related accident. Where, as here, a claimant's inability to earn wages comparable to his pre-injury wages is due not to any physical restrictions from the injury, but rather from the effects of a depressed labor market, SEBs should not be awarded. Babineaux v. Brown & Root, Inc., 543 So.2d 946 (La. App. 5th Cir.1989), writ not considered, 548 So.2d 1221 (La.1989); Miller v. Great Southern Oil and Gas Co., Inc., 503 So.2d 679 (La.App. 3rd Cir.1987), writ denied, 505 So.2d 1144 (La.1987).
In light of our determination that plaintiff is not entitled to supplemental earnings benefits, the city was clearly not arbitrary and capricious in failing to pay worker's compensation and there is thus no basis to hold the city liable for penalties and attorney fees. Additionally, in light of our decision, the arguments raised by plaintiff's appeal, seeking additional weeks of SEBs *343 and an increased award of attorney fees, are moot.
In conclusion, for the above and foregoing reasons, the judgment appealed from is reversed and judgment is hereby rendered in favor of the defendant, rejecting plaintiff's demands for worker's compensation benefits, penalties, and attorney fees. All costs are assessed to the plaintiff.
REVERSED AND RENDERED.