613 So.2d 801 (1993)
Lester R. DYER
v.
GAB BUSINESS SERVICES.
No. 92-CA-1633.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1993.
Rehearing Denied March 10, 1993.
Writ Denied May 14, 1993.
*803 Kenneth M. Plaisance, New Orleans, for plaintiff.
George J. Nalley, Jr., Piper D. Griffin, New Orleans, for defendant.
Before SCHOTT, C.J., and BARRY and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff Lester Dyer appeals a judgment from a hearing officer of the Office of Workers' Compensation awarding him $461.35 per month in supplemental earnings benefits (SEB) for 520 weeks under the provisions of LSA-R.S. 23:1221(3). Dyer claims that the hearing officer erred in three ways: (1) finding that he is capable of earning at least $1,000 per month in another job, (2) denying his claim for penalties and attorney fees for the arbitrary and capricious discontinuance of his benefits, and (3) awarding the defendants a credit for benefits previously paid. The defendant, Brown & Williamson Tobacco Co., Dyer's employer at the time of his work-related accident, cross-appeals, claiming that Dyer is not entitled to any SEB because he is able to return to his former employment. We amend and affirm.

Facts
Dyer injured his left knee in the course and scope of his employment as an outside salesman with Brown & Williamson on October 17, 1988. At the hearing, the parties stipulated that Dyer earned $1,880 per month at the time of the accident. The employer paid temporary, total disability of $276 per week from October 18, 1988 to January 22, 1990. His benefits were then converted to supplemental earnings benefits (SEB) of $534 every two weeks, or $267 a week, from January 23, 1990 to March 17, 1991, when SEB was discontinued. The employer paid all medical expenses.
Based on the evidence presented at the hearing, the hearing officer found that Dyer was entitled to SEB, but that he was able to return to a job making at least $1,000 per month and that such jobs were available in the New Orleans area. He calculated the SEB as follows:

 $1692.00 (90% of average monthly wages of $1,880)
- 1000.00 (amount claimant is able to earn)
_________
 $ 692.00
 × 66.67%
_________
 $ 461.35 (amount of SEB)

Entitlement to SEB
SEB, which is controlled by the provisions of LSA-R.S. 23:1221(3), is designed to compensate an injured employee for his lost wage-earning capacity resulting from a work-related accident. Myers v. Stone Container, Inc., 556 So.2d 202 (La. App.2d Cir.), writ denied 560 So.2d 30 (La. 1990). Like all other provisions of the worker's compensation law, the provisions governing SEB must be liberally construed in favor of coverage. Daigle v. Sherwin-Williams Co., 545 So.2d 1005, 1006 (La. 1989).
Generally, an injured worker is entitled to SEB when his injury results in an "inability to earn wages equal to ninety percent or more of the wages he was earning at the time of the injury." LSA-R.S. 23:1221(3)(a). Under those circumstances, the employee is entitled to SEB calculated as follows:
sixty-six and two-thirds percent of the difference between the average monthly wages at the time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly *804 fitted by reason of education, training, and experience....
LSA-R.S. 23:1221(3)(a).
As interpreted by the jurisprudence, the trial of cases involving LSA-R.S. 23:1221(3) involves a shifting burden of proof. Initially, the plaintiff bears the burden of proving by a preponderance of evidence that he is unable, because of the injury, to earn 90 percent of his pre-injury wages. Daigle, 545 So.2d at 1007. Then, if the employer claims that the plaintiff is actually earning less than he is able to earn, the burden shifts under LSA-R.S. 23:1221(3)(c) to the employer to prove the amount of wages the employee is able to earn. Id. at 1008.
The evidence in the instant case indicates that Dyer was not working at the time of the hearing and that Dyer had applied for some 82 jobs, but had been unsuccessful in finding employment since the accident. This evidence is sufficient under the jurisprudence to establish a prima facie case of entitlement to SEB.
The defendant argues, however, that Dyer is not entitled to SEB despite the above evidence because Dyer's physician released him to return to his former job with Brown & Williamson provided the company gave him use of a mini-van and provided him with a smaller knee brace, two conditions which the company could fulfill. They cite Allen v. City of Shreveport, 595 So.2d 340 (La.App.2d Cir.), writ granted 599 So.2d 319 (La.1992) for their argument that "once the trial court factually determined that the plaintiff could return to his former employment, then he was no longer disabled within the meaning of the worker's compensation laws and no further inquiry was necessary or appropriate." Defendants cite the plaintiff's own testimony that he could return to his former employment. The only reason Dyer was not reemployed by his former employer, the defendants claim, is the fact that he had been replaced and no jobs were available.
We decline to adopt the harsh rule established by the Allen case, which has not become final since the Louisiana Supreme Court has granted writs to review that decision. The mere fact that the plaintiff has been released to return to work does not automatically disqualify him from receiving SEB, without consideration of all the facts and circumstances of the case. In determining whether the plaintiff has established a prima facie case, the trial court "may and should take into account all those factors which might bear on an employee's ability to earn a wage." Daigle, 545 So.2d at 1007.
In the instant case, the plaintiff proved that despite the fact he has been released to return to his former employment, his former employer, the defendant here, has refused to rehire him. The defendants claim that their failure to rehire Dyer is due solely to the fact that his former job has been filled, but the plaintiff's testimony contradicts this statement. Dyer testified that he was told by a Brown & Williamson representative that he could not be rehired because of his injury and the limitations caused by the injury, as well as the possibility of further injury. Additionally, the evidence indicates that this plaintiff, unlike the plaintiff in Allen, continues to be disabled despite the fact his physician released him to return to work. The evidence shows that Dyer continues to operate under physical limitations related to lifting, bending, climbing, crawling, and other activities.
Thus, the hearing officer properly found that the plaintiff established a prima facie case for entitlement to SEB. The burden then shifted to the defendants to prove that the plaintiff could earn some wages. The employer may discharge that burden by proving that the employee is physically able to perform a certain job and that the job was either offered to the employee or was available in his or the employer's community or reasonable geographic region. Daigle, 545 So.2d at 1008-09. The employer can carry his burden of showing that the employee is able to earn some wages by "showing that jobs are generally available within the range of the employee's capacity" through the testimony of a vocational rehabilitation expert. *805 Ambrose v. Fluor Constructors, Inc., 537 So.2d 1176, 1181 (La.App. 4th Cir.1988).
In this case, the defendants offered the testimony of Marion Chapman, a rehabilitation specialist employed by CCM, a company retained by the defendants to evaluate Dyer and help him with his employment search. Ms. Chapman listed several jobs which were considered sedentary, which were available to the defendant, thus carrying the defendants' burden on this issue.

Calculation of SEB
Both the plaintiff[1] and the defendant challenge the hearing officer's decision to set the amount the plaintiff is able to earn at $1,000.
The rehabilitation expert testified specifically to the following jobs with the indicated salaries available for Dyer: (1) marketing representative for A-1 Communications, $24,000-$30,000 per year (2/3 commission); (2) telemarketing for A-1 Communications, $800-$1,000 per month (25 hour weeks); (3) credit manager trainee for Northwest Financial, $18,000 per year; (4) sales with Encyclopedia Britannica, $271-$621 per set sold; (5) telemarketing for Jobs for the Disadvantaged, up to $8.35 per hour; (6) insurance sales agent, beginning at $240 per week; (7) telephone collector with GC Services, minimum wage; and (8) skip tracer with GC Services, minimum wage.
After hearing all the testimony and considering the plaintiff's educational and work history as revealed by his resume, which was admitted into evidence, the hearing officer found "no doubt ... that the claimant is able to return to a job within his limitations paying at least $1,000 per month and that such jobs are available in the New Orleans area to a claimant with this background." The hearing officer noted that Ms. Chapman identified jobs with salaries ranging from minimum wage to $30,000 a year. The plaintiff claims the $1,000 figure is too high, while the defendant claims it is too low. The employer conceded in oral argument that the record contains no basis for the $1,000 figure.
Consistent with Ambrose, 537 So.2d at 118, we choose the lowest figure presented by the rehabilitation counselor's testimony. See also Batiste v. Hopeman Brothers, Inc., 508 So.2d 922 (La.App. 4th Cir.), writ denied 512 So.2d 1178 (La.1987). Thus, the hearing officer improperly set the amount the plaintiff is able to earn by arbitrarily choosing a $1,000 figure. Since the lowest figure the rehabilitation expert testified to was minimum wage, the amount the plaintiff is able to earn should be calculated as follows:

$ 4.75 (minimum wage per hour at time of hearing in December 1991)
 × 40 (hours per week)
_______
$170.00
 × 4.3 (weeks per month)
_______
$731.00 (amount Dyer is able to earn per month)

Additionally, we note that the hearing officer incorrectly used $1692 (90 percent of the plaintiff's pre-injury monthly wages of $1880) as the first number in the equation. Under the 1985 amendment to LSA-R.S. 23:1221(3), SEB should be calculated as the difference between the plaintiff's average monthly pre-injury wages and the amount he is able to earn post-injury, not between 90 percent of the pre-injury wages and the amount he is able to earn. The 90 percent figure is used only to determine entitlement to SEB. Prior to the 1986 *806 amendment, the 90 percent figure was also used to calculate SEB, but that has been changed. The jurisprudence indicates inconsistency in the calculations, but the Louisiana Supreme Court used 100 percent of the pre-injury earnings in Daigle. Thus, the proper calculation of Dyer's SEB is as follows:

$1,880.00 (plaintiff's pre-injury monthly salary)
- 731.00 (amount per month plaintiff is able to earn)
_________
$1,149.00
 × .6667
_________
$ 758.34 (monthly SEB)

Therefore, the hearing officer's decision awarding the plaintiff SEB is amended to set the SEB rate at $758.34 per month.

Attorney fees[2]
Dyer claims that he automatically became entitled to attorney fees under LSA-R.S. 23:1201.2 for the arbitrary and capricious discontinuance of his SEB when the hearing officer found that he was entitled to benefits. He cites Ross v. St. Paul Fire & Marine Insurance Co., 556 So.2d 891 (La.App.2d Cir.1990) for the proposition that an employer may not rely on an initial report to terminate disability payments if a subsequent report indicates continuing disability. He claims that even though his doctor released him to return to work on March 7, 1991, the doctor later changed that diagnosis on May 17, 1991. Additionally, Dyer argues that SEB must be paid anytime the employee is not earning at least 90 percent of his wages and that disability or lack thereof is insignificant to that rule. Thus, he says, the defendants arbitrarily and capriciously terminated his benefits, making them liable for attorney fees.
The determination of whether an injured employee is entitled to attorney fees under LSA-R.S. 23:1201.2 depends on whether the termination was arbitrary and capricious, which means that it was without reasonable foundation. Kreider v. Schulin's Appliance Service, Inc., 524 So.2d 153, 157 (La.App. 4th Cir.1988). The issue is a question of fact left to the discretion of the hearing officer. Id.
In the instant case, the employer claims that its decision to terminate the employee's SEB was based on a consideration of all the facts and circumstances in the case, not on blind reliance on the doctor's initial report that Dyer could return to his pre-injury job. The hearing officer obviously felt that the decision to terminate had a reasonable foundation, and thus was not arbitrary and capricious. We cannot say that that decision was manifestly erroneous. The denial of attorney fees is affirmed.

Credit
Dyer also contests the hearing officer's decision to give the defendants a credit for any compensation previously paid since January 21, 1990. Under the provisions of LSA-R.S. 23:1223, an injured employee is entitled to receive workers' compensation benefits for 520 weeks, and any amounts previously paid under LSA-R.S. 23:1221 should be deducted from the amount of SEB due. We find no error in the hearing officer's decision on this issue.

Conclusion
Accordingly, the hearing officer's decision is amended to award plaintiff Lester Dyer $758.34 monthly SEB. In all other *807 respects, the decision is affirmed. All costs are assessed against the defendants.
AMENDED AND AFFIRMED.
NOTES
[1] The plaintiff also contests the hearing officer's alleged failure to omit bonuses he received in calculating his pre-injury salary. However, the record is clear that the plaintiff stipulated that his monthly salary at the time of the injury was $1880; thus, we will not consider that issue.
[2] Dyer also claims that he is entitled to penalties under LSA-R.S. 23:1201. However, that provision applies only when an employer fails to pay "compensation payable under the terms of a final, nonappealable judgment." No prior judgment for temporary total disability or SEB is involved in this case; thus, the penalties provision has no application.