651 So.2d 860 (1995)
Richard WOOLLEY, Plaintiff-Appellant,
v.
CAS REFINING, INC., Defendant-Appellee.
No. 94-648.
Court of Appeal of Louisiana, Third Circuit.
January 11, 1995.
Rehearing Denied April 7, 1995.
*861 Michael Benny Miller, Crowley, for Richard Woolley.
Lelia Anne Collier, Lafayette, for Cas Refining, Inc.
Before DOUCET, COOKS and DECUIR, JJ.
DECUIR, Judge.
Claimant, Richard Woolley, appeals the hearing officer's denial of his claim for supplemental earnings benefits and his demand for penalties and attorney's fees. For the following reasons, we affirm.

FACTS
Richard Woolley was employed by CAS Refining, Inc. (CAS) as an A Operator. On June 29, 1990, Woolley injured his left wrist while at work. He was treated in a hospital emergency room and released. Woolley was examined by Dr. R. Dale Bernauer, an orthopaedic surgeon, on July 2, 1990. Dr. Bernauer diagnosed Woolley's condition as wrist strain. A cast was placed on Woolley's arm, and he was released to return to light duty work. After continued complaints of pain and no improvement, Woolley underwent surgery to remove torn triangular fibrocartilage.
On January 2, 1991, Woolley was examined by Dr. Darrell Henderson, a plastic surgeon who primarily performs wrist and hand surgery. Woolley complained of pain in his left wrist and numbness in the fingers of his left hand. On January 29, 1991, Dr. Henderson performed surgery on Woolley's left wrist to decompress his ulnar nerve, shorten his ulna and insert a steel plate. Woolley's ability to move his wrist eventually improved, but he continued to complain of pain. Dr. Henderson was concerned that Woolley, who had previous substance abuse problems, was becoming addicted to the narcotic medication he had been taking and refused to continue prescribing it. Dr. Henderson referred Woolley to two physicians who specialized in helping patients control their pain. Woolley also received treatment for his drug addiction.
Dr. Henderson released Woolley to return to light duty on December 3, 1991, with notice that the steel plate in his wrist would be removed at some time in 1992. Woolley's benefits were terminated January 8, 1992.
The employer resumed paying Woolley temporary total disability benefits from June 30, 1992, when the steel plate was removed from his wrist, until October 6, 1992, when Dr. Henderson released him to return to light duty work. Woolley claims he is entitled to supplemental earnings benefits for the period between January 8, 1992 and June 30, 1992, and after October 6, 1992. CAS argues supplemental earnings benefits are not due because Woolley's former job was approved by Dr. Henderson even though no longer available. Furthermore, CAS contends that investigative reports and videotape reveal that Woolley is not disabled.
The hearing officer concluded Woolley was not entitled to supplemental earnings benefits because he was no longer disabled. The hearing officer pointed out Dr. Henderson released Woolley to light duty work which he anticipated would increase Woolley's left wrist strength, and any reservations expressed by Dr. Henderson regarding Woolley's return to light duty work were due to his susceptibility to becoming addicted to pain medication. The hearing officer also concluded Woolley failed to show by clear and convincing evidence that his failure to earn more than ninety percent of his pre-injury wages was due to his injury. Woolley appeals.

BURDEN OF PROOF
In his first assignment of error, Woolley correctly complains the hearing officer used the wrong standard of proof to determine whether he was entitled to supplemental earnings benefits. If a claimant is employed or self-employed, then he or she has the burden of proving by a preponderance of the evidence that a work related injury resulted in an inability to earn wages equal to ninety percent or more of his wages at the time of injury. See LSA-23:1221(3)(c)(i); *862 Bradley v. Arnold Lege Alligator Farm, 625 So.2d 591 (La.App. 3d Cir. 1993). When the trial judge makes an error of law, the appellate court is not bound by the manifest error/clearly wrong standard of appellate review. Donaldson v. Universal Engineering of Maplewood, Inc., 606 So.2d 980 (La.App. 3d Cir.1992). The appellate court must review the facts de novo and render judgment on the record without giving weight to the prior decision. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Accordingly, we have reviewed the record and find that Woolley failed to prove by a preponderance of the evidence his entitlement to supplemental earnings benefits.
Woolley contends that he cannot perform the duties of his pre-injury employment because his left arm causes him a great deal of pain. He testified that he cannot turn his left hand at the wrist area and that he can only turn the left arm at the elbow area. He said this inability to turn his wrist and the substantial pain prevents him from performing his pre-injury duties. However, the president of CAS testified that claimant would not need the full use of his left arm to perform his pre-injury duties as an A Operator. The president testified further that another employee who is physically challenged is able to perform all of the duties of the A Operator position without difficulty. Furthermore, investigative reports commissioned by CAS reveal that Woolley is capable of heavy manual labor despite his claims to the contrary.
While disability can be proven by both medical and lay testimony, the evidence in this case does not support Woolley's allegations that he continues to be disabled to the extent that he is entitled to supplemental earnings benefits. Claimant's treating physician, Dr. Darrell Henderson, released him to return to work in light duty during the period from December 3, 1991 to June 30, 1992, and again in July, 1992. Dr. Henderson opined that light duty work was the best possible remedy for this claimant, as it would allow him to use his left wrist while strengthening it. Any reservations expressed by Dr. Henderson regarding claimant's return to work were the result of the claimant's drug addiction, rather than his inability to perform the duties of the A Operator position. In fact, Dr. Henderson signed a job analysis of the A Operator position description certifying the claimant's fitness to return to the duties of the position. Claimant has worked at several different jobs since the date of loss. On the date of the latest trial, claimant was working as a car salesman. Although he was earning less than he earned at his pre-injury employment, the evidence does not indicate that this was all the claimant was able to earn. Moreover, the evidence does not indicate that his failure to earn more is solely as a consequence of his claimed disability.
There is no evidence, save claimant's self-serving testimony, which indicates that he is not capable of returning to his pre-injury employment. Appellees cite Allen v. City of Shreveport, 595 So.2d 340 (La.App. 2d Cir. 1992), for the proposition that once it is factually determined that a claimant can return to his former employment, he is no longer disabled within the meaning of the worker's compensation laws. Allen has been overruled by the Louisiana Supreme Court. See Allen v. City of Shreveport, 618 So.2d 386 (La.1993). The supreme court in Allen held that the relevant question is not whether a plaintiff is physically able to perform his former sedentary job that is no longer available, but whether plaintiff is partially disabled and unable to earn 90% of pre-injury wages.
In making that determination, the court must weigh all the evidence, medical and lay, in order to determine if the claimant has met his burden. See Simpson v. S.S. Kresge Co., 389 So.2d 65 (La.1980). In this case, we note that the hearing officer found Woolley's testimony less than credible with regard to his disability. Our review of the record leads us to the same assessment. To reiterate, except for the drug addiction, claimant's treating physician found him fit to return to his pre-injury duties. Investigative reports and videotape reveal that Woolley is capable of heavy manual labor. No other evidence was presented which supports his allegation that his disability prevents him from engaging in his pre-injury employment or from earning at least ninety (90%) percent of his pre-injury wages.
Accordingly, we find that Woolley has failed to prove by a preponderance of the *863 evidence that he is disabled to the extent required to qualify for supplemental earnings benefits.

PENALTIES AND ATTORNEY FEES
Woolley also contends the hearing officer erred in denying his claims for penalties and attorney's fees. LSA-R.S. 23:1201(E) directs the trial court to assess a 12% penalty for nonpayment unless the employer or the insurer "reasonably controverted" the employee's right to benefits. A claim is reasonably controverted if the employer or the insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the employee. Woolsey v. Cotton Bros. Bakery Co., Inc., 535 So.2d 1119 (La.App. 2d Cir. 1988), writ denied, 537 So.2d 1168 (La.1989). Under LSA-R.S. 1201.2, the employee is entitled to attorney fees if the failure to pay benefits is found to be arbitrary, capricious, or without probable cause. An award of attorney fees is precluded when the employer asserts a good faith defense. Holmes v. Int'l Paper Co., 559 So.2d 970 (La.App. 2d Cir.1990). The determination of whether an employer should be cast with penalties and attorney's fees is a question of fact and the hearing officer's findings shall not be disturbed on appeal absent manifest error. Bradley v. Justiss Oil Co., Inc., 618 So.2d 646 (La.App. 2d Cir.1993).
We find no error in the hearing officer's denial of penalties and attorney's fees. As previously stated, Woolley failed to establish disability, therefore, penalties and attorney's fees are inappropriate.
For the foregoing reasons, the judgment of the hearing officer is amended to reflect that claimant has failed to sustain the burden of proving by a preponderance of the evidence that he continues to be disabled. In all other respects the judgment is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED AS AMENDED.
COOKS, J., dissents without written reasons.