742 So.2d 582 (1999)
Brenda KIBODEAUX, Plaintiff-Appellant,
v.
CAJUN BAG AND SUPPLY COMPANY, Defendant-Appellee.
No. 99-149.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1999.
*583 Michael Benny Miller, Crowley, for Brenda Kibodeaux.
Jeffrey Charles Napolitano, Metairie, for Cajun Bag and Supply Co.
Before YELVERTON, SAUNDERS, and DECUIR, Judges.
DECUIR, Judge.
Claimant, Brenda Kibodeaux, appeals a judgment of the workers' compensation judge denying supplemental earnings benefits, penalties and attorney fees, and dismissing her claim with prejudice. For the reasons that follow, we affirm.

FACTS
Brenda Kibodeaux was hired as a seamstress by Cajun Bag and Supply Company in June of 1994. On July 14, 1995, she began to have pain in her wrists, hands and arms. Cajun sent her to Dr. Roland Miller, an orthopedic surgeon, on July 26, 1995. Dr. Miller diagnosed carpal tunnel syndrome and ordered tests for confirmation. On August 31, 1995, Dr. Miller saw Kibodeaux and indicated that her tests confirmed bilateral carpal tunnel syndrome.
On September 26, 1996, Kibodeaux saw Dr. Michael Holland who confirmed Dr. Miller's diagnosis and recommended a job modification. The record is unclear regarding whether a modification was made. Kibodeaux, when asked if Cajun modified her job replied, "Not really." This response suggests that some modification was made that Kibodeaux perhaps found inadequate. In any event, Kibodeaux continued to perform her job at Cajun until she was laid off in December of 1996.
On January 8, 1997, Kibodeaux saw Dr. Darrell Henderson, a plastic and reconstructive surgeon. Dr. Henderson repeated previous tests and diagnosed mild to moderate compression of both the right median nerve at the wrist and right ulnar nerve at the elbow. On February 13,1997, Dr. Henderson operated on Kibodeaux. Cajun began paying temporary total disability benefits (TTD) on the date of the surgery. Kibodeaux's condition continued to improve until she saw Dr. Henderson on April 30, 1997, complaining of shoulder pain. Dr. Henderson diagnosed disuse as the cause of her shoulder pain and suggested she seek employment. Thereafter, Kibodeaux missed six scheduled appointments without explanation. On July 14, 1997, Kibodeaux returned to Dr. Henderson and was told that she had reached maximum medical improvement and could do anything she wanted to do. Cajun stopped paying indemnity on July 16, 1997.
On October 15, 1997, Kibodeaux saw Dr. Henderson for numbness in her little finger. Dr. Henderson recommended minor outpatient surgery which Kibodeaux declined. She missed her next three scheduled appointments but returned to Dr. Henderson on February 11, 1998. At that time, she indicated the only remaining problem with her hands was her little finger. On March 31, 1998, Dr. Henderson performed the previously recommended surgery. Cajun resumed paying benefits and paid TTD until June 14, 1998. Dr. Henderson assigned a 5% permanent partial impairment rating to Kibodeaux's right hand and no rating for her left hand.
Dr. Henderson indicated that from July 1997 to March 1998 Kibodeaux was physically able to perform her duties as a seamstress. During that period she worked at P & L Food Mart for approximately 2½ months earning a total of $1,703.99. Between March of 1998 and June of 1998, she worked and received full compensation benefits without notifying Cajun that she was employed. At the time of trial, she earned $100.00 per week as a cook's helper at the Crowley Town Club. Prior to her finger surgery, she worked thirty to thirty-six hours per week at the Town Club, but after the surgery only twenty hours were available. Kibodeaux testified that she was physically able to work more hours or to work a second part-time job.
*584 Kibodeaux's disputed claim for workers' compensation seeks TTD for the periods July 16, 1997 to October 17, 1997 and December 28, 1997 to January 1998 and supplemental earnings benefits (SEB) from January 1998 to the present. She also seeks penalties and attorney fees for Cajun's handling of the claim. The workers' compensation judge denied benefits, penalties and attorney fees, and dismissed Kibodeaux's claim with prejudice. Kibodeaux lodged this appeal.

SUPPLEMENTAL EARNINGS BENEFITS
Kibodeaux contends on appeal that the workers' compensation judge erred in denying SEB. We disagree.
If a claimant is employed or self-employed, then he or she has the burden of proving by a preponderance of the evidence that a work-related injury resulted in an inability to earn wages equal to ninety percent or more of his wages at the time of injury. Woolley v. CAS Refining, Inc., 94-648 (La.App. 3 Cir. 1/11/95); 651 So.2d 860, writ denied, 95-1158 (La.6/16/95); 655 So.2d 331; La.R.S. 23:1221(3)(a). In Allen v. City of Shreveport, 618 So.2d 386 (La.1993), the court made clear that where the claimant's previous position is unavailable, the relevant question is not whether the claimant could return to his former employment, but whether he is partially disabled and whether he is unable to earn 90% of his pre-injury wage.
Kibodeaux contends that Allen is controlling in her case because Dr. Henderson assessed a 5% permanent partial impairment. While it is true that Allen supplies the proper standard in this case, it does not assure the same result. In Allen, the claimant established that the restrictions imposed on him due to his injury prevented him from earning his pre-injury wage even though he was physically capable of doing his old job which was unavailable.
This case differs in a critical way. Kibodeaux established her 5% impairment, but the workers' compensation judge found that she failed to establish that her disability resulted in her inability to earn 90% of her pre-injury wage. Kibodeaux has no medical restrictions on her employment. Furthermore, Kibodeaux did not demonstrate that her disability in any way limited her ability to earn 90% of her preinjury wage. The failure to establish the causal link between the disability and the inability to earn the requisite wage is the critical difference between this case and Allen. The workers' compensation judge correctly concluded that Kibodeaux failed to carry her burden of proof.

PENALTIES AND ATTORNEY FEES
Kibodeaux next contends that the workers' compensation judge erred in failing to award penalties and attorney fees for late payment of benefits. We disagree.
An employee is entitled to penalties and attorney fees for the employer's failure to timely pay benefits unless the employee's rights to benefits were reasonably controverted by the employer or his insurer or the nonpayment resulted from conditions over which the employer or insurer had no control. Brown v. Texas-La Cartage, Inc. 98-1063 (La.12/1/98); 721 So.2d 885; La.R.S. 23:1201. Payments of compensation shall be made as near as possible to the time as wages were payable to the employee before the accident. La. R.S. 23:1201(A). The determination of whether an employer should be cast with penalties and attorney fees is a question of fact and the workers' compensation judge's findings shall not be disturbed on appeal absent manifest error. Woolley, 651 So.2d 860.
The workers' compensation judge was not manifestly erroneous in declining to award penalties and attorney fees. According to Kibodeaux's argument, 12 of the 32 checks were late. The record shows, however, that some were early, and many were exactly on time. However, this argument *585 presupposes that the end of the pay period was the time that wages were payable before the accident.
There is no basis for this assumption in the record because Kibodeaux herself testified she could not remember when she received her paychecks. Accordingly, the workers' compensation judge and this court are left with no frame of reference by which we can measure whether the payments met the requirements of La.R.S. 23:1201(A) that benefit payments are to be made "as near as may be possible, at the same time and place as wages were payable to the employee before the accident...."
Therefore, we agree with the trial judge that Kibodeaux failed to meet her burden of proving that payments were not made as near as may be possible at the same time and place as wages were payable to her before the accident. Likewise, we find no manifest error in the workers' compensation judge's failure to award penalties and attorney fees for the late payment of Dr. Holland's medical bill.

DISMISSAL WITH PREJUDICE
Kibodeaux next contends that the workers' compensation judge erred in dismissing her claim with prejudice. We disagree.
La.R.S. 23:1310.8 grants the hearing officer discretion in determining whether to make an award with or without prejudice. Kibodeaux cites no authority in support of her contention that the workers' compensation judge abused that discretion. Our review of the jurisprudence reveals no such authority. Accordingly, we find no error in the workers' compensation judge's dismissal of Kibodeaux's claim with prejudice.

CONCLUSION
For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. All costs of this appeal are taxed to claimant, Brenda Kibodeaux.
AFFIRMED.