J^JAMES F. McKAY III, Judge.
On May 2, 1998, Marty Bruce injured his back while in the course and scope of his employment as a bartender at Lakewood Country Club. Mr. Bruce received temporary total disability (TTD) benefits for approximately three months and then returned to work for approximately one year while still receiving treatment for his injury. In July of 1999, Mr. Bruce again became disabled and has not returned to work since that time. Mr. Bruce, however, has done occasional part-time work out of his home as a travel agent. For this endeavor, he has earned $2,544.98.
On October 2, 1999, Mr. Bruce completed a 1020 form sent to him by the adjuster. Mr. Bruce completed the 1020 form not for only one month but for the entire period of time since his May 2, 1998 accident. In that form, Mr. Bruce neglected to mention his occasional sales of trips and cruises. Based upon that omission, his employer terminated all compensation and medical benefits in February of 2000 in accordance with its interpretation of La. R.S. 23:1208, which deals with workers’ compensation fraud. Thereafter, Lakewood Country Club brought an action against Mr. Bruce.
L.On March 26, 2001, the matter came to trial. The trial court found that: 1) Lakewood Country Club failed to carry its burden of proof that Mr. Bruce committed workers’ compensation fraud pursuant to La. R.S. 23:1208, 2) Mr. Bruce was injured within the course and scope of his employment with Lakewood Country Club on May 2, 1998, 3) as a result of this accident, Mr. Bruce’s lower back was injured resulting in a compensable disability, 4) Mr. Bruce was entitled to all workers’ compensation benefits already paid, 5) Mr. Bruce was entitled to Supplemental Earnings Benefits (SEB) at the full TTD rate of $199.23 from termination in February of 2000 until December 28, 2000, and 6) Mr. Bruce is entitled to SEB from December 28, 2000, at the rate of $168.67 per month, with Lakewood Country Club getting credit for Mr. Bruce’s earning capability of $6.00 per hour per 40 hour week beginning December 28, 2000. All costs were assigned against Lakewood Country Club. Lakewood Country Club now appeals the trial court’s judgment.
On appeal, Lakewood Country Club raises the following assignments of error: 1) the workers’ compensation hearing officer erred in failing to at least give the employer a credit or offset for the secret income earned by the employee after his alleged accident, 2) the workers’ compensation hearing officer erred in finding that claimant sustained a disabling injury by accident on May 2, 1998, 3) the workers’ compensation hearing officer erred in finding that claimant was entitled to SEB at the full temporary total disability rate from February of 2000 to December 28, 2000, and awarding SEB thereafter, and 4) the workers’ compensation hearing officer erred in denying the employer’s claim for workers’ compensation fraud pursuant to La. R.S. 23:1208.
^REIMBURSEMENT
During Mr. Bruce’s first disability period, he was paid TTD benefits between the date of his May 2, 1998 accident and his subsequent return to work on July 23, 1998. Based on the stipulation of the parties and by claimant’s own testimony, he received twelve weeks of disability payments at a compensation rate of $199.23 per week, amounting to $2,390.76 in com *669 pensation payments during this twelve-week disability period. Nevertheless, the claimant’s own bookings report and his testimony at trial confirm that he sold $27,688.00 worth of trips for Holiday Travel during this time period, thereby entitling him to commissions totaling $2,768.00. Mr. Bruce’s lost wages during this twelve week period, calculated at the stipulated average weekly wage of $298.84 totaled only $3,586.08. Accordingly, Mr. Bruce would only have been entitled to SEB benefits calculated at two-thirds of the difference between these earnings and the pre-accident wages for this period of time. Thus, Mr. Bruce was only entitled to SEB benefits totaling $544.31 for this twelve-week period. Therefore, Mr. Bruce was overpaid $1,846.45 during this initial disability period.
During the second disability period beginning on August 1, 1999, Mr. Bruce earned an additional $1,046.27 from Holiday Travel. For this period, Mr. Bruce was paid TTD benefits totaling $1,593.84. However, Mr. Bruce’s SEB benefits during these eight weeks should have only equaled $895.40. Accordingly, Mr. Bruce was overpaid an additional $698.44 during this second disability period.
Based on the foregoing facts, the trial court erred in failing to grant the employer a credit or offset for the amount of TTD overpayments. Accordingly, we find that the employer is entitled to a reimbursement of $2,544.89.
^DISABLING INJURY
The employer contends that the workers’ compensation hearing officer erred in finding that Mr. Bruce sustained a disabling injury by accident on May 2, 1998. In a workers’ compensation proceeding, a trial court’s decisions on the credibility of witnesses and the question of whether the claimant has met the burden of proving a work related accident are factual determinations not to be disturbed on appeal unless clearly wrong or manifestly erroneous. Maggard v. Boh Bros. Const. Co., 97-1177 (La.App. 5 Cir. 4/15/98), 712 So.2d 247. In the instant case, the trial court found that Mr. Bruce’s back injury was a result of the job injury, whether a direct cause or the aggravation of a non-systematic condition. This finding is supported by the medical evidence. Furthermore, the trial court found that the hearsay testimony of the employer’s witness, Cynthia Rico, which attempted to discredit the employee’s testimony about the accident, was neither credible nor corroborated by anyone else involved. Based on the record before this Court, we find nothing clearly wrong or manifestly erroneous in the trial court’s finding that Mr. Bruce sustained a disabling injury by accident on May 2,1998.
AWARD OF SUPPLEMENTAL EARNING BENEFITS
SEB is designed to compensate an injured employee for his lost wage-earning capacity resulting from a work-related accident. Like all other provisions of the workers’ compensation law, the provisions governing SEB must be liberally construed in favor of coverage. Dyer v. Gab Business Services, 613 So.2d 801 (La.App. 4 Cir.1993).
Generally, an injured worker is entitled to SEB when his injury results in an “inability to earn wages equal to ninety percent or more of the wages he was | ¡¡earning at the time of the injury.” LSA-R.S. 23:1221(3)(a). Under those circumstances, the employee is entitled to SEB calculated as follows:
sixty-six and two-thirds percent of the difference between the average monthly wages at the time of injury and average monthly wages the employee is able to earn in any month thereafter in any *670 employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience....
LSA-R.S. 23:1221(3)(a). Dyer at 803-804.
There is a shifting burden of proof in cases involving LSA-R.S. 23:1221(3). Initially, the plaintiff bears the burden of proving by a preponderance of evidence that he is unable, because of the injury, to earn 90 percent of his pre-injury wages. Daigle v. Sherwin-Williams Co., 545 So.2d 1005, 1007 (La.1989). Then, if the employer claims that the plaintiff is actually earning less than he is able to earn, the burden shifts to the employer under LSA-R.S. 23:1221(3)(c) to prove the amount of wages the employee is able to earn. Id. at 1008. In the instant case, the trial court found that Mr. Bruce met his burden of proving that he was unable to earn 90 percent of his pre-injury wages during the periods in question. Likewise, the trial court found that his employer was unable, once the burden shifted, to prove the amount of wages Mr. Bruce was able to earn. Based on the record before this Court, we find no error in this determination.[1]
FRAUD
Because La. R.S. 23:1208 is penal in nature, it must be strictly construed, both in its substantive ambit and in its penalty provisions. Louisiana Workers’ Compensation Corp. v. Gray, 34,731 (La.App. 2 Cir. 5/9/01), 786 So.2d 310; KLLM, Inc. v. Reed, 2000-295 (La.App 3 Cir. 10/12/00), 771 So.2d 728. The issue of whether an employee has forfeited his right to workers’ compensation benefits is a question of fact that should not be disturbed on appeal absent manifest error. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact-finder’s conclusion was a reasonable one. Where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Thus, if the factfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse. See Gray v. Prince Dump Truck Service, 00-1925 (La.App. 5 Cir. 4/25/01), 785 So.2d 1018. In the instant case, the trial court in its reasons for judgment stated: “Employer’s La. R.S. 23:1208 defense is water-thin at best. Intent is clearly lacking. Claimant was a highly credible witness on all issues.” Based on the record before this Court, those findings appear reasonable. Accordingly, we find no error in the trial court’s rejection of the employer’s La. R.S. 23:1208 defense.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court except in regards to the employer’s entitlement to a reimbursement for amounts earned by the employee during his periods of disability. Accordingly, we amend the trial court’s judgment to give the employer a credit or offset of $2,544.98.
AFFIRMED AND AMENDED.

. This, of course, must be understood in conjunction with our determination that the employer is entitled to the reimbursement discussed earlier.