785 So.2d 1018 (2001)
Edward GRAY
v.
PRINCE DUMP TRUCK SERVICE.
No. 00-CA-1925.
Court of Appeal of Louisiana, Fifth Circuit.
April 24, 2001.
*1019 William Ken Hawkins, LaPlace, LA, Attorney for Plaintiff/Appellant, Edward Gray.
Joe M. Inabnett, New Orleans, LA, Attorney for Defendant/Appellee, Prince Dump Truck Service.
Panel composed of CANNELLA, CHEHARDY and ROTHSCHILD.
CHEHARDY, Judge.
In this workers' compensation matter, after trial, the hearing officer ruled in favor of defendant, dismissing plaintiff's claim with prejudice. For the following reasons, we affirm in part, vacate in part and remand.
Plaintiff, Edward Gray, was employed as a truck driver by defendant, Prince Dump Truck Service, in June of 1999. On August 31, 1999, while in the course and scope of his employment with defendant, plaintiff was involved in a traffic accident, when the dump truck he was operating collided with a passenger vehicle. A few days later, plaintiff was examined by Dr. John McLachlan, who diagnosed a lumbar sprain and prescribed pain medications. On November 16, 1999, plaintiff was also examined by Dr. Richard L. Meyer, Jr., who diagnosed a "probable lumbar strain."
Plaintiff instituted this workers' compensation claim on October 14, 1999, asserting that an MRI ordered by Dr. McLachlan was not authorized by defendant. An MRI of the lumbar spine was thereafter authorized by defendant and performed on December 21, 1999. Its results showed no changes from a prior MRI performed on plaintiffs lumbar spine in 1991.
On January 21, 2000, defendant answered plaintiff's claim for compensation, asserting that plaintiff suffered from prior physical injuries which, combined with the August 31, 1999 accident, resulted in a temporary disability for a period of a few *1020 months. Defendant also claimed that plaintiff had abandoned the physical therapy offered by his treating physician. Defendant therefore terminated plaintiff's workers' compensation benefits, effective January 15, 2000.
The matter proceeded to a trial on the merits on June 19, 2000. After the parties submitted the deposition of Dr. Charles H. Aprill and filed post-trial memoranda, the hearing officer took the matter under submission. On September 20, 2000, the hearing officer rendered judgment, finding "that the claimant is not a credible witness, and that Employer has reasonably controverted Gray's disputed workers' compensation claim." The hearing officer dismissed plaintiff's claim with prejudice and ordered "all costs of these proceedings to be borne by Claimant." This appeal ensued, with plaintiff asserting four assignments of error.
In his first assignment of error, plaintiff argues that the hearing officer erred in failing to award temporary total disability benefits. Upon review, we note that temporary total disability benefits were paid by defendant from the date of the accident, August 31, 1999, through January 15, 2000, a four and a half month period. In order to be entitled to benefits after January 15, 2000, plaintiff would have to prove at trial that he suffered a workrelated injury that rendered him temporarily totally disabled for more than four and a half months.
At trial, none of the medical testimony or records submitted showed any objective signs of injury to plaintiff as a result of the August 31, 1999 accident. The physicians who examined plaintiff had to rely on his subjective complaints of pain in their diagnoses of a lumbar strain. The medical testimony and evidence did show, however, that plaintiff had pre-existing injuries to his lumbar spine which were symptomatic over the course of several years, and that concerns had arisen by two of his treating physicians that plaintiff may have been abusing the narcotic pain medications he was prescribed. Furthermore, after seeing the plaintiff testify at trial, the hearing officer made the factual determination that plaintiff was not a credible witness.
It is well settled that factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551; Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129; Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Banks, supra; Freeman, supra; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Mart v. Hill, 505 So.2d 1120 (La.1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Banks, supra; Stobart, supra. Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Banks, supra; Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106 (La.1990).
Additionally, "[w]hen findings are based on determinations regarding the credibility of witnesses, the manifest error clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware *1021 of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989) (citations omitted).
After a thorough review of the entire record, we do not find that the hearing officer committed manifest error in failing to award benefits to plaintiff after January 15, 2000. However, as will be discussed below, we note several omissions in the record which require us to remand this matter so that the hearing officer may properly determine the amounts of benefits and medical expenses plaintiff was due during the period of disability.
In plaintiff's second assignment of error, he argues that since defendant did not have workers' compensation insurance at the time of plaintiff's accident, the trial court should have awarded increased benefits to plaintiff pursuant to La. R.S. 23:1171.2, which provides: "The amount of weekly compensation provided in this Chapter shall be increased by fifty percent in any case where the employer has failed to provide security for compensation as required by R.S. 23:1168."
It was stipulated at trial that defendant did not have workers' compensation insurance at the time of plaintiff's August 31, 1999 accident. It was further stipulated at trial that plaintiff's pre-accident average weekly wage was $415.00, and that defendant paid plaintiff workers' compensation benefits from August 31, 1999 through January 15, 2000. However, the record is not complete with regards to how much plaintiff was paid in benefits. The parties stipulated, by joint exhibit admitted at trial, that defendant paid plaintiff $400.00 per week from September 3, 1999 through October 29, 1999, then paid him $261.00 per week from November 6, 1999 through November 26, 1999. There is no testimony or evidence in the record before us as to what plaintiff was paid from November 26, 1999 through January 15, 1999.
While plaintiff made a claim for increased benefits pursuant to La. R.S. 23:1171.2, the applicability of the statute was not addressed by the hearing officer. Further, because there is no testimony or evidence to show what plaintiff was paid after November 26, 1999, we cannot ascertain the adequacy of benefits. We will therefore remand this matter so that the hearing officer can properly determine the amount of benefits paid and the applicability of R.S. 23:1171.2.
In plaintiff's third assignment of error, he argues that the hearing officer "erred in failing to award back due medical expenses, ongoing medical treatment and prescription expenses." As discussed above, the hearing officer's determination that plaintiff was not entitled to workers' compensation benefits after January 15, 2000 is not manifestly erroneous. Any medical expenses incurred after January 15, 2000 would likewise not be due plaintiff. Again, however, the record is not complete as to what medical expenses were paid by defendant.
At trial, plaintiff's exhibit 3 was admitted, consisting of Dr. McLachlan's medical reports and bill in the amount of $2,400.00, of which $1,970.00 was paid by defendant. Also admitted at trial was plaintiff's exhibit 6, consisting of plaintiff's prescription expenses for Vicodin and Hydrocodone from September 10, 1999 through December 20, 1999, totaling $273.46. Defendant asserts on appeal that it has paid the prescription expenses, which were incurred during the disability period. However, no proof of payment is in the record before us. Therefore, on remand, the hearing officer is also to determine whether all of plaintiff's medical expenses incurred *1022 during the disability period have been paid by defendant.
In plaintiff's final assignment of error, he alleges that the hearing officer erred in failing to award penalties, attorney's fees and costs. Pursuant to our discussion in plaintiff's first assignment of error, the hearing officer was not manifestly erroneous in determining that defendant reasonably controverted plaintiff's claim. Therefore, plaintiff is not entitled to penalties and attorney's fees. However, because plaintiff showed at trial that he suffered a work-related injury which resulted in temporary total disability through January 15, 2000, the hearing officer erred in ordering that all costs would be paid by plaintiff. That portion of the hearing officer's judgment is vacated. On remand, the hearing officer will further properly assess the payment of costs.
For the foregoing reasons, the portion of the September 20, 2000 judgment which found plaintiff liable for all costs is vacated. In all other respects, the September 20, 2000 judgment of the hearing officer is affirmed. The matter is remanded to the hearing officer for a determination of the total benefits paid by defendant, the applicability of La. R.S. 23:1171.2, a determination of the total medical expenses paid by defendant, and a determination of the proper payment of costs. All costs of this appeal are assessed equally between the parties.
AFFIRMED IN PART; VACATED IN PART; REMANDED.