| ¡.MARION F. EDWARDS, Judge.
This is an appeal from a judgment dismissing claims for damages against in this automobile accident suit. For the following reasons, we reverse in part and affirm in part.
On December 20, 2000, plaintiff, Gwendolyn Robinson, and her daughters Shami-ca, Raion, and Jasmine were parked in the lot of a Kenner, Louisiana gas station. A vehicle driven by defendant, Louis Frank- *316 Iin, backed out of a parking space in front of the convenience store at the gas station and bumped Robinson’s vehicle on the rear driver’s side above the wheel well.
On May 14, 2001, Gwendolyn, Shamica, Raion, and Jasmine Robinson (“the Robin-sons”), filed suit in First Parish Court for the Parish of Jefferson against Franklin and his insurer, Allstate Insurance company, | aalleging that they had sustained property damages and injuries as a result of the impact.
A judge trial was held on July 9, 2002. On August 9, 2002, the trial court rendered judgment in favor of defendants and dismissed the Robinsons’ case. This timely appeal followed.
LAW AND ANALYSIS
In their first assignment of error, the Robinsons assert that the trial court erred in not awarding property damages and rental expenses to Gwendolyn Robinson. In the second assignment of error, they assert that the trial court erred in failing to award damages for their bodily injuries, medical expenses and lost wages.
In regard to the first assignment of error, we note that Franklin and Allstate stipulated to liability for the accident, and do not contest on appeal the issues of the car rental expenses and the cost of car repairs related to the accident. Accordingly, we find that the trial court erred in failing to award rental expenses of $56.52 and $295.80, representing the estimate from Allstate on the property damage to Robinson’s vehicle after the accident.
In their second assignment of error, the Robinsons assert that the trial court erred in failing to award damages for their bodily injuries, medical expenses and lost wages.
When an appellate court reviews the factual findings of the trial court, it is limited to a review for manifest error.[1] The court may only modify or set aside a factual finding of the jury when it is clearly wrong.[2] This is resolved by determining whether the finding was reasonable in light of the record reviewed in its entirety.[3]
|4In its reasons for judgment, the trial court in this case stated that it based its finding on two major elements: 1) “Both plaintiffs who testified were not convincing that the ‘impact’ which amounted to a ding in one vehicle’s wheel cover would cause bodily injury to four healthy individuals,” and; 2) “The medical records submitted reflected no real objective findings.”
The Robinsons first assert that the trial court erred in failing to sustain a presumption of causation, discussed by the Louisiana Supreme Court in Maranto v. Goodyear Tire and Rubber Company[4]:
Plaintiff is aided in her burden of proving causation by the presumption described in Housley v. Cerise, 579 So.2d 973 (La.1991) wherein this court stated that:
[a] claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibili *317 ty of causal connection between the accident and the disabling condition.
Defendants, however, cite this Court’s opinion in Kelly v. Lugo,[5] where we noted in regard to this same presumption:
Applicability of the above rule is only appropriate when it has been established that plaintiff was healthy before the accident, was unhealthy afterwards, and there is a reasonable possibility of a causal connection between the accident and the injury.
In Kelly, the trial court found that the second element of a causal connection did not exist, and that the plaintiffs had no post accident injuries at all, in spite of the fact that the plaintiffs had all been treated by doctors for injures that were allegedly caused by the accident. We noted in that case that the trial court’s finding was a factual one subject to the manifest error standard.
| BIn the present case, the trial court was presented with the following evidence in regard to each of the Robinsons.
Gwendolyn Robinson testified at trial that she was the driver of the vehicle at the time of impact and gave two accounts of what occurred at the time that her car was struck. On direct examination, Robinson testified that the impact to her car was severe, and led her to believe that someone had landed on the roof of the car. On cross examination, however, Robinson testified that she did not know at the time of the accident that she had been hit, or what side had been hit, because she had been conversing with her daughters. After the accident, Robinson brought her daughter Shamica to work and then proceeded with her daughter Raion to Kenner regional Hospital.
In regard to her claimed injuries, Gwendolyn Robinson testified that on her initial hospital visit on the date of the accident, she was provided ibuprofen for the pain. Robinson later went to Dr. Altman, who recommended a back brace. Robinson testified that she went to therapy until February and stopped because she felt better, and that Dr. Altman prescribed medicines that helped her. Robinson stated that she had a prior accident in which she injured her back and neck, but that she suffered no residual pain from it. Robinson treated with Dr. Altman from December 22, 2000 through May 9, 2001 and testified that she continued to have the same amount of pain throughout. On March 26, 2001, Robinson fell down at home, but claimed that the fall did not exacerbate her injuries from the accident at issue.
Robinson’s medical records were introduced into evidence. Her Kenner Regional records from December 20, 2000 indicate “cervical muscle tenderness,” but that she was released in “good condition.” A March 2, |fi2001 report from Dr. Altman indicated a medical history “significant for a history of back pain.” Dr. Altman opined that all symptoms and findings “are causally related to the accident.” In her visits with Dr. Altman from January 15, 2001 through May 10, 2001, Robinson’s discomfort continued and included neck pain, low back pain, headaches, and “pins and needles” that radiated to her left arm. The medical reports indicate that on May 9, 2001, Dr. Altman recommended to Robinson that she see an orthopedic surgeon, after she indicated to him that turning with her legs was painful. Robinson advised Dr. Altman on May 10, 2001 that she would not be returning for further evaluation or treatment.
In its Reasons for Judgment, the trial court stated that when Gwendolyn Robin *318 son testified that she twisted to the direction of the other vehicle and re-enacted the motion in court, she twisted to the right, but that the vehicle driven by defendant had bumped the left rear wheel cover.
Shamica Robinson testified at trial. She stated that at the time of the accident, she was employed by Chiek-Fil-A in Kenner, working approximately 40 hours a week. She had her seat belt on at time of accident, but did not see Franklin’s car before impact. Shamica stated that she felt pain when she twisted her body to look at the accident, but went to work immediately after the accident. She said that, upon a referral from her attorney, she started treating with Dr. Altman, who recommended that she stay off of work for a couple of weeks. Shamica initially complained of low back pain and chest pain, although she also testified that she did not hit her chest while in the car.
Shamica’s medical records indicate that Dr. Altman first saw her on December 22, 2000, when he recorded a diagnostic impression of lumber strain and trauma to the chest that, in his opinion, were causally related to |7the accident. At that time Dr. Altman ordered a back brace for Shamica and ordered her to remain off of work until the next visit. Shamica reportedly continued to have low back pain and spasms until April 18, 2001 when she told Altman that she had no further complaints.
In its Reasons For Judgment, the trial court noted in regard to Shamica Robinson’s testimony, “She claimed that she stayed off work for a few weeks, yet on cross examination she admitted that her place of employment coincidentally closed for renovations at that time.
Jasmine Robinson did not testify at trial but, according to Gwendolyn Robinson, Jasmine had been wearing a seatbelt at the time of the accident. Jasmine’s medical records were entered into evidence and showed that she was seen by Dr. Altman on December 22, 2000. In her initial visit, Dr. Altman noted lumbar strain and concluded that all symptoms and findings were causally related to the accident. Dr. Altman’s records further indicate that on January 15, 2001, Jasmine told him that her lower back felt better.
Raion Robinson did not testify at trial, but Gwendolyn Robinson testified that Raion had been wearing her seat belt at the time of the accident. Raion’s medical records were further entered into evidence. The Kenner Regional Medical report from December 20, 2000 indicates that Raion complained of muscle tenderness of the upper lumbar area, but that she was discharged in good condition. She went on to treat with Dr. Altman. In Dr. Altman’s initial report, he indicated that Raion came to him complaining of pain in her back left side and left hip, which was diagnosed by him as left chest wall muscle strain. Raion continued to see Dr. Altman with reported progress until March 5, 2001, when no further appointments were made on her behalf.
| sAlthough there was testimony by the Robinsons regarding the force of the impact and alleged subsequent injury, the trial court indicated that it did not find their testimony to be credible. In regard to a trial court’s finding of witness credibility, this court noted in Kaiser v. Western-Southern Ins. Co.[6]:
[The trial judge] was in the best position to determine the credibility of the Plaintiff and his determination demands great deference, “for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding *319 and belief in what is said.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) (citations omitted); Gray v. Prince Dump Truck Service, 00-1925 (La.App. 5th Cir.4/25/01); 785 So.2d 1018, 1021.
Credibility determinations are subject to the strictest deference and the manifest error-clearly wrong standard demands great deference for the trier of fact’s findings.[7] Accordingly, after a review of the record, we affirm the trial court’s judgment related to damages to the Robinsons for injuries, medical expenses, and lost wages, finding no manifest error.
The Robinsons further argue that the trial court erred in considering the minimal force of the collision in determining that they were not injured in the accident. As Franklin and Allstate point out, however, this court has affirmed verdicts in favor of a defendant in similar cases. In Breen v. Soileau,[8] the plaintiffs introduced evidence that they had undergone treatment for nearly a year by a chiropractor, and that additionally, two of the plaintiffs had undergone treatment by orthopedic surgeons as well. After trial, however, the jury found in favor of the defendant. In affirming the jury’s verdict, this Court noted:
In this case, the jury rejected plaintiffs demand for damages, finding that they failed to prove that their injuries were caused by the accident. The medical testimony was uncontroverted, but it was based on the history given by Mr. & Mrs. Breen. Apparently, the jury did not believe that severe ^injuries could have occurred from such a minor collision. This is a factual finding, which this court may not modify in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In this case, the Robinsons introduced a photograph at trial that showed the extent of the damage to their car, which amounted to a scratch above the driver’s side rear wheel well. Based on this evidence, as in Breen and Kelly, supra, we see no manifest error in the trial court’s finding that the accident could not have caused the injuries complained of, in spite of the un-controverted medical evidence presented at trial.
For the foregoing reasons, we reverse the trial court’s judgment and award the Robinsons $352.32, for car rental and car repair expenses. In all other respects the trial court’s judgment is affirmed.
REVERSED IN PART; AFFIRMED IN PART.

. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993).

. Stobart at 882.

. Id.

. 94-2603 (La.2/20/95), 650 So.2d 757.

. 01-542 (La.App. 5 Cir. 11/27/01), 802 So.2d 952.

. 01-1393 (La.App. 5 Cir. 5/15/02), 821 So.2d 52.

. Lirette v. State Farm Insurance Company, 563 So.2d 850, 852 (La.1990).

. 609 So.2d 864, (La.App. 5 Cir.1992).